# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN FISH, et al., | |
|         Plaintiff(s), | Case No. 2:13-cv-00326-APG-NJK |
| vs. | ORDER DENYING MOTION TO STRIKE |
| LIBERTY MUTUAL FIRE INSURANCE CO., et al., | (Docket No. 7) |
|         Defendant(s). | |

Pending before the Court is Defendant Western United Insurance Company's ("Defendant") motion to strike language in paragraph 44 of the complaint. Docket No. 7. Plaintiffs filed a response and Defendant filed a reply. *See* Docket Nos. 9, 15. Having reviewed the materials presented, the Court finds the motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to strike is **DENIED**.

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f), which allows the striking of any material that is "redundant, immaterial, impertinent or scandalous." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp.

1450, 1478 (C.D. Cal. 1996) (internal citations omitted); *see also Nevada Fair Housing Ctr., Inc. v. Clark County*, 265 F. Supp. 2d 1178, 1187 (D. Nev. 2008).

Defendant's motion seeks to strike the reference to itself as a "fiduciar[y]" in paragraph 44 of the Complaint. Defendant acknowledges that the Nevada Supreme Court has expressly approved a jury instruction that "[t]he duty owed by an insurance company to an insured is fiduciary in nature." Reply at 3 (quoting *Powers v. United Serv. Auto. Assoc. & USAA Cas. Ins. Co.*, 114 Nev. 690, 701 (1998)). But Defendant argues that this duty is only "akin" to that of a fiduciary and not equivalent to it. *See id.* In short, Defendant asserts that "Plaintiffs have alleged a fiduciary duty rather than a special contractual duty akin to a fiduciary duty." *See id.* at 5.

Defendant fails to cite to any case law of any kind addressing Rule 12(f), let alone case law supporting its assertion that striking is appropriate in this matter. *See* Mot. at 5-6; Reply at 4-5. Nor is Defendant's reasoning persuasive. Because the Complaint refers to Defendant as a "fiduciar[y]" rather than "akin to a fiduciary," Defendant worries that Plaintiffs "attempt[] to impose a higher duty" on Defendant. *See* Mot. at 6. Suffice it to say, the Court is not persuaded that Plaintiffs' use of the word "fiduciary" in their complaint rather than the phrase "akin to a fiduciary" will result in the imposition of a higher duty on Defendant.

The Court is simply not persuaded that a Rule 12(f) motion is the proper vehicle for determining the contours of Defendant's duty. Nor is it clear to the Court that a dispute between the parties of the contours of the duty owed even exists.

Accordingly, the motion is hereby **DENIED**.

IT IS SO ORDERED.

DATED:  April 18, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge