# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| SEAN L. FISH, et al., | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-00326-APG-NJK |
| vs. | ) ORDER RE: MOTION AND |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | ) STIPULATION TO STAY |
| Defendant(s). | ) (Docket No. 31, 41) |

Pending before the Court is the motion to stay discovery filed by Defendant Western United Insurance Company ("Western United"). *See* Docket No. 31. Also before the Court is a stipulation between Western United, Plaintiff and Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") seeking the same relief. Docket No. 41. The Court has set a hearing on the motion for December 13, 2013 at 11:00 a.m., and that hearing remains on calendar. Although the Court expresses no opinion at this time regarding the motion or stipulation, it issues this order so that all counsel can be prepared to address at the hearing the issues outlined below.

The case law in this District is well-established regarding motions to stay discovery pending resolution of a dispositive motion, which the Court recently summarized as follows:

> "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every

action." *Tradebay*, 278 F.R.D. at 602-03. Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See id.*

*See Kor Media Group, LLC v. Green*, ___ F.R.D. ____, 2013 WL 5838679, *1 (D. Nev. Oct. 29, 2013). The parties must establish a proper basis for staying discovery (and obtain Court approval) even if they have stipulated to doing so. *See* Local Rule 7-1(b); *see also* Fed. R. Civ. P. 16(b)(4) (the scheduling order may be modified "only for good cause and with the judge's consent").

The pending motion and stipulation raise several issues not addressed by the parties:

1) The case law in this district is well-settled that a blanket stay of all discovery pending resolution of a dispositive motion is only appropriate where that motion will dispose of "all claims against all defendants." *F.T.C. v. AMG Servs., Inc.*, 2012 WL 3730561, *2 (D. Nev. Aug. 28, 2012); *see also Tradebay*, 278 F.R.D. at 602. More on-point here, a blanket stay of all discovery ordinarily will not be granted with respect to discovery concerning a defendant based on a co-defendant's filing of dispositive motion. *See, e.g., White v. American Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989) (denying motion to stay discovery against one defendant based on motion to dismiss filed by another defendant for which no joinder was filed). The pending motion for summary judgment was filed by Western United, and was not joined by Liberty Mutual. Nonetheless, the parties are seeking a blanket stay of all discovery.

2) The Court must also take a preliminary peek at the merits of the potentially dispositive motion and will stay discovery only when it is "convinced" that the plaintiff's claims will be dismissed. *See, e.g., Kor Media*, 2013 WL 5838679 at *2-3. In this case, briefing on the motion for summary judgment has not been completed. Indeed, the response in opposition has not yet been filed. It is not clear to the Court how it can take a preliminary peek at the motion for summary judgment when briefing is not complete.

3) Staying discovery pending a potentially dispositive motion is improper when resolution of that motion requires additional discovery. *See, e.g.*, *Kor Media*, 2013 WL 5838679, at *1. At the previous hearing on the motion to stay, Western United's counsel expressed concern that the planned depositions may include testimony regarding the arguments made in the motion for summary judgment. Rather than a reason to stay discovery, that appears to indicate that discovery should not be stayed because additional, relevant discovery has not yet been completed. Indeed, staying discovery at this junction would seriously delay the ultimate resolution of this case if the motion for summary judgment is eventually denied so that further discovery could be conducted. *See, e.g.*, Fed. R. Civ. P. 54(d) (allowing court to deny or defer ruling on motion for summary judgment where additional discovery is required).

4) The only clearly articulated basis for staying discovery is Western United's assertion that it would like to avoid unnecessary expenses. The case law in this District is clear that inconvenience and expense alone is not sufficient reason to stay discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 601.

Again, the Court at this time expresses no opinion as to the ultimate ruling on the pending motion and stipulation, but the unaddressed issues outlined above concern the Court in that staying discovery may cause an undue delay in the resolution of the case without a sufficiently compelling reason for doing so. The Court directs counsel to be prepared to address these issues at the December 13, 2013, hearing on this matter.

    IT IS SO ORDERED.

    DATED: December 11, 2013

                                                      NANCY J. KOPPE
                                                    United States Magistrate Judge