UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEAN L. FISH, et al.,

           Plaintiff(s),

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al.,

           Defendant(s).

Case No. 2:13-cv-0326-APG-NJK

ORDER SANCTIONING BROCK OHLSON, JOSEPH WIRTH, AND BRADLEY MAINOR

      Pending before the Court is an order for attorneys Brock Ohlson, Joseph Wirth, and Bradley Mainor, as well as Plaintiffs, to show cause why they should not be sanctioned for failing to appear at a Court-ordered hearing. *See* Docket No. 35. The Court has now received a response to the order to show cause. Docket No. 43. For the reasons discussed below, the Court hereby **SANCTIONS** attorneys Brock Ohlson, Joseph Wirth, and Bradley Mainor in the amount of Defendants' attorneys' fees, and **DISCHARGES** the order to show cause as to Plaintiffs.

**I.    BACKGROUND**

      On December 2, 2013, Defendant Western United Insurance Company filed an emergency motion to stay. Docket No. 31. On December 3, 2013, the Court ordered that any response be filed no later than December 4, 2013, and set a hearing on the motion for December 6, 2013, at 2:00 p.m. in Courtroom 3B. Plaintiffs failed to file a response in opposition to the motion and Plaintiffs' counsel failed to appear at the hearing. Counsel for both Defendant Western United Insurance Company and Defendant Liberty Mutual Fire Insurance Company did attend the hearing. *See* Docket No. 34. After the Court contacted Plaintiffs' counsel (Brock Ohlson) regarding his failure to appear, he indicated that

he did not have a justifiable reason for failing to attend the hearing.  In responding to the subsequent order to show cause, Plaintiffs' counsel again assert that they do not have a justifiable reason for failing to appear.  In essence, Plaintiffs' counsel asserts that their staff failed to give proper attention to Court notices, and that Plaintiffs' counsel failed to include all necessary people on their CM/ECF distribution list to ensure compliance with Court orders.  *See* Docket No. 43 at 2.

## II.   ANALYSIS

Attorneys are required to follow Court orders.  Rule 16(f)[1] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.[2]  Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order.  *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  Rule 16(f) "was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'"  *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).  Indeed, the rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties."  *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc).

It is well-settled that attorneys are required to attend the hearings set by the Court, and to keep their contact information in the CM/ECF system accurate to ensure that they receive and comply with Court orders.  *See, e.g.*, *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 101497, *4-5 (D. Nev. July 19, 2013); *Trustees of the Operating Eng'rs Pension Trust v. Maui One Excavating, Inc.*, 2013

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Moreover, this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court."  Local Rule IA 4-1.

U.S. Dist. Lexis 65748, *6-9 (D. Nev. May 7, 2013).[3]  In this case, Plaintiffs' counsel failed to comply with a Court-ordered deadline to respond to a motion, attend the hearing set by the Court for December 6, 2013, failed to include the lead counsel on the case as a counsel of record on the docket, and failed to include necessary personnel on the CM/ECF distribution to ensure compliance with Court orders.[4]

The Court takes counsel at their word that any shortcomings were not intentional and that they have fixed the issues regarding their CM/ECF notifications.  In light of the circumstances in this case, the Court will not impose a Court fine.  Nonetheless, Plaintiffs' counsel caused Defendants to incur unnecessary attorneys' fees by having their counsel attend the hearing on December 6, 2013, which the Court finds should be paid by Plaintiffs' counsel.  Accordingly, no later than December 16, 2013, Defendants' counsel shall submit a declaration outlining the fees incurred in attending the hearing on December 6, 2013.  Any objection to the calculation of fees shall be filed no later than December 23, 2013.[5]  This sanction is imposed jointly and severally on Mr. Ohlson, Mr. Mainor, and Mr. Wirth, and in no way shall the money be paid by Plaintiffs themselves, either directly or indirectly.

Lastly, the Court reminds counsel that it expects strict compliance with Court orders and the rules of the Court.  Future violations may result in significant sanctions, up to and including, case-dispositive sanctions.

IT IS SO ORDERED.

DATED: December 13, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Court notes the representations that Mr. Ohlson is charged with handling this case. Nonetheless, Mr. Wirth and Mr. Mainor are the attorneys of record and are also responsible for responding to Court orders. *See, e.g.*, *Cabrera*, 2013 U.S. Dist. Lexis 101497, *4 (sanctioning attorney of record who asserted that he simply relies on another attorney to handle the case).

[4] It is clear that any shortcomings here were caused by Plaintiffs' counsel rather than Plaintiffs themselves. Accordingly, the order to show cause is DISCHARGED to the extent it related to Plaintiffs.

[5] Counsel are encouraged to confer on an appropriate amount of fees. To the extent they agree on the amount of fees, they shall promptly file a notice with the Court so indicating.